**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPADIVISION**

**TODD K. WHITAKER, on behalf of himself and on behalf of all others similarly situated,**

**Plaintiff,**

**v.** **Case No. :**

**BVM THE BRIDGES, LLC,**

**Defendant.**
_________________________________________/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD M. WHITAKER, on behalf of himself and the Putative Class set forth below, files the following Class Action Complaint against BVM THE BRIDGES, LLC ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENT

1. Defendant BVM THE BRIDGES, LLC is a Florida corporation that specializes in assisted living communities.

2. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information as a basis for adverse employment action. In this case, Defendant used a national consumer reporting agency to procure consumer reports on Plaintiff and the putative class members he seeks to represent.

3. The FCRA, 15 U.S.C. §1681b makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if

the "user" – in this case BVM – complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. § 1681b(b)(2) and (3).

4. Defendant willfully violated these requirements in multiple ways and in systematic violation of Plaintiff's rights, and as to the rights of the other putative class members.

5. Defendant also violated the FCRA's requirement that, prior to procuring a consumer report for employment purposes, a prospective employer must disclose that it is going to procure a consumer report "in a document consisting solely of the disclosure." This conduct violates 15 U.S.C. §1681b(b)(2)(A)(i). The standard forms utilized by Defendant fail to comply with this long-standing statutory requirement.

6. Defendant's practices in violation the FCRA were repeated and systematic and, thus, the claims at issue in this Amended Complaint are ripe for class treatment.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. The Court has also jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

8. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a citizen of Florida and former employee of Defendant. He is a natural person and is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681 *et seq.*, at §1681a(c).

10. Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

**ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES**
***Defendant's Willful Violation of 15 U.S.C. § 1681b(b)(2)***

11. Defendant willfully violated 15 U.S.C. § 1681b(b)(2). Specifically, Defendant is liable for willfully or negligently violating Section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

12. As explained above, Plaintiff initially applied to work for Defendant as a Chef in May of 2015. When he first applied Plaintiff received Defendant's paper Job Application, as do all job applicants, which is attached as Exhibit A. It specifically informs applicants that "[i]n compliance with the Amended Fair Credit Reporting Act and applicable state law, this notice is to inform you that a consumer report may be obtained in connection with your application for employment or your current employment."

13. The document is not a stand-alone FCRA disclosure document. It contains at least the following extraneous items of information:

a) A liability release;

b) A certification that all statements made in the application are true and accurate;

c) Spaces for identification information about the application;

d) Spaces for availability of the applicant for work assignments;

e) Spaces for educational information about the applicant;

f) Spaces for recent employment history of the applicant;

g) A box asking whether an applicant is available to work overtime;

h) A question regarding an applicant's employment eligibility-to-work status;

i) Questions regarding special training and skills;

j) Certifications by the applicant of the accuracy of the information provided; and

k) Acknowledgement of at-will employment status.

14. Defendant's Job Application does not constitute a document consisting solely of a disclosure that a background check will be procured for employment purposes. Because this was the only form Defendant provided to Plaintiff prior to procuring a report on him which related in any way to consumer reports, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i).

15. Defendant's conduct was knowing and reckless.

16. Defendant knowingly and recklessly disregarded the plain meaning of 15 U.S.C. § 1681b(b)(2)(A), as well as guidance from the Federal Trade Commission and numerous court decisions stating that the inclusion of extraneous information in the disclosure required under § 1681b(b)(2)(A) is a violation of the FCRA.

17. Defendant knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers.

18. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal,

state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

19. Defendant repeatedly used the same Job Application to procure background reports on numerous other applicants and employees.

20. By systematically inserting extraneous information into Plaintiff's and other current or prospective employees' disclosures, Defendant knowingly and willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

21. Plaintiff and the putative class experienced a concrete injury from Defendant's failure to provide the statutorily-required stand-alone disclosure in at least two ways. First, Defendant invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. The report included, *inter alia*, Plaintiff's date of birth, address history, social security number, and information about his criminal background. By procuring a report containing this private information without complying with these requirements, Defendant illegally invaded Plaintiff's privacy.

22. Second, Plaintiff has suffered a concrete informational injury because Defendant failed to provide Plaintiff with information to which he was entitled by statute. Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Defendant injured him and the putative class members. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

23. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees, and prospective employees.

24. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## RULE 23 REQUIREMENTS

25. Plaintiff asserts his claims in Counts 1 and 2 on behalf of a Putative Background Check Class defined as follows:

> Improper Disclosure and Authorization Class: All BVM employees and job applicants who applied for or worked in a position at BVM in the United States and who were the subject of a consumer report that was procured by BVM within two years of the filing of this complaint through the date of final judgment and as to whom BVM used the disclosure and authorization forms substantially similar to those attached as Exhibit A.

26. Numerosity: The Putative Class is so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees. Plaintiff is informed and believes that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

27. Typicality: Plaintiff's claims are typical of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

28. Adequacy: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

29. Commonality: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a) Whether the specific Defendant's background check practices and/or procedures alleged in this case comply with the FCRA;

b) Whether Defendants standard FCRA disclosures complied with 15 U.S.C. §1681b(b)(2);

c) Whether Defendant's violations of the FCRA were willful;

d) The proper form of injunctive and declaratory relief.

30. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

31. This case is maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

32. Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

33. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

**FIRST CLAIM FOR RELIEF**
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

34. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

35. Defendant used the consumer reports of the Plaintiff and each member of the Background Check Class without first providing the disclosures necessary to satisfy 15 U.S.C. § 1681b(b)(2)(A)(i).

36. Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, in a stand-alone document.

37. The foregoing violations were willful. Defendant knew it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on the Background Check Class members. By failing to do so Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows

about or can easily discover these mandates.

38. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law, and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

39. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

40. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CLAIM FOR RELIEF**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. Defendant violated the FCRA by procuring and using consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

43. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained or had available substantial written materials, which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

44. Defendant's willful conduct is also reflected by, among other things, the following facts: Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful; Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA, case law, and the plain language of the statute; and, finally, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

45. Plaintiff and the Background Check Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

46. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

47. WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a) Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c) Issuing proper notice to the Putative Class at Defendant's expense;

d) Declaring that Defendant committed multiple, separate violations of the FCRA;

e) Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f) Awarding statutory damages as provided by the FCRA, including punitive damages;

g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

48. Plaintiff and the Putative Class demand a trial by jury.

DATED this 27th day of March, 2017.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**CHRISTOPHER J. SABA**
Florida Bar Number: 092016
Direct No.: 813-321-4086
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
Email: tsoriano@wfclaw.com
***Attorneys for Plaintiff***